IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LEE WHITWORTH and WELDON KIOSKI,**  **PLAINTIFFS**
Each Individually and on behalf of All
Others Similarly Situated

vs.                             No. 5:15-cv-1094-RP

**RUSH WELLSITE SERVICES, LLC;**
**and RUSH WELLSITE HOLDING, LLC**              **DEFENDANTS**

### PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICES

COME now Plaintiffs Lee Whitworth and Weldon Kioski ("Plaintiffs"), each individually and on behalf of all others similarly situated, through undersigned counsel, for their Motion for Conditional Certification, for Disclosure of Contact Information, and for Court-Approved Notices, hereby state and allege as follows:

1. Plaintiffs urge this motion on behalf of the former and current Engineers employed by Defendants Rush Wellsite Services, LLC and Rush Wellsite Holding, LLC (hereinafter collectively "Defendant"), at any time since December 9, 2012, to recover overtime wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiffs and potential class members worked at Defendant's operational districts throughout the United States after December 9, 2012.

3. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs ask this Court to conditionally certify the following class:

Page 1 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

**All employees of Defendant who were employed as
Engineers at any time after December 9, 2012.**

4.     Attached as Exhibits A and B, respectively, are the *Notice* and *Consent to Join* proposed by Plaintiffs for distribution in this case.  Attached as Exhibits C and D, respectively, are the *Electronic Notice* and *Electronic Consent to Join* proposed by Plaintiffs for electronic distribution in this case. The *Notice* and C*onsents* make no comment on the merits of the case.  The *Notice* is narrowly drawn to notify potential class members of the pending litigation, the composition of the class and their right to "opt in" to the litigation.

5.     Plaintiffs request a period of ninety (90) days to distribute the *Notice* and to file *Consent* forms with this Court and request this Court to enter an Order directing Defendant to provide the names, last known home and work addresses, and email addresses of potential opt-in Plaintiffs no later than two (2) weeks after the date of the entry of the Order granting this Motion.

6.     Plaintiffs request that this Court permit them to provide the *Notice* to potential opt-in Plaintiffs via email as well as traditional U.S. mail, and that this Court permit Plaintiffs to distribute a reminder postcard via traditional U.S. Mail as well as a follow-up email.

7.     Plaintiffs further request that this Court approve the inclusion of Plaintiffs' Complaint, or any amendments thereto, as well as Defendants' Answer thereto, if any, along with the *Notice*.

8.     Plaintiffs also ask the Court to order Defendant to post the *Notice* at the district offices in the same areas in which it is required to post government-required notices.

Page 2 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

9. Plaintiffs incorporate the following Exhibits in support of the current Motion:

    A. Proposed Notice of Right to Join Lawsuit ("*Notice*");
    B. Proposed Consent to Join Collective Action ("*Consent to Join*");
    C. Proposed Electronic Transmission;
    D. Proposed Electronic Consent to Join Collective Action;
    E. Proposed Reminder Postcard ("*Postcard*");
    F. Declaration of Attorney Josh Sanford;
    G. Declaration of Weldon Kioski;
    H. Declaration of Sir Brady Wolfe; and
    I. Proposed Order.

10. In compliance with LR 7(d), Plaintiffs' counsel conferred with Defendants' counsel via telephone on April 15, 2016, and this Motion is opposed.

**WHEREFORE**, premises considered, Plaintiffs pray that the Court conditionally certify the class proposed by Plaintiffs; that Defendants be ordered to provide the names and current and/or last known mailing and email addresses of all potential class members no later than two (2) weeks after the date of the entry of the Order granting this Motion; for approval and sending of the attached *Notice* and *Consent to Join* forms, along with Plaintiffs' Complaint, or its amended forms, and Defendants' Answer thereto, to all potential class members; that Defendants post the same *Notice* at its District Offices; and that the Court grant counsel a period of ninety (90) days during which to distribute the *Notice* and to file opt-in Plaintiffs' *Consent* forms with this Court.

## BRIEF IN SUPPORT

Plaintiffs, former employees of Defendants, brought this suit on behalf of all former and current employees of Defendants who were employed as Engineers, who are/were not exempt from the overtime requirement of the Fair Labor Standards Act (FLSA). Pursuant to 29 U.S.C. § 216(b), Plaintiffs file the above Motion for Conditional Certification as a representative of a Fair Labor Standards Act ("FLSA") class under 29

Page 3 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

U.S.C. § 216(b) which provides:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Such actions are referred to as collective actions. District courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action. Hoffman-La Roache Inc. v. Sperling, 493 U.S. 165, 169, 110 S.Ct. 482 (1989). Plaintiffs ask this Court to conditionally certify the following class:

**All employees of Defendant who were employed as
Engineers at any time after December 9, 2012.**

Defendants are a national company that provides products and services in the oil and gas industry, throughout the United States wherever fracking is a viable business. Defendants are covered by the FLSA as an enterprise engaged in interstate commerce, utilizing goods that moved in interstate commerce, with annual gross revenues in excess of $500,000.00. Plaintiffs and members of the putative collective action class were/are employed by Defendants as Engineers after December 9, 2012. Defendants uniformly violated the FLSA with respect to the class by not paying overtime wages.

## I.   COLLECTIVE ACTION STANDARD

In Hoffman-La Roche, the Supreme Court held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in." 493 U.S. at 169. The key issue is whether the persons to whom notice would go are "similarly situated" to Plaintiff. O'Brien

Page 4 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

v. Ed Donnelly Enters., Inc., 575 F.3d 567, 583 (6th Cir. 2009); Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b).

"The Lusardi two-stage approach is the prevailing standard among federal courts," to determine whether class certification is appropriate and "is the standard most frequently used by [the Eastern District of Texas]." See Tice v. AOC Senior Home Health Corp., 826 F.Supp.2d 990 (E.D. Tex. 2011) (internal citations omitted); see also Neagley v. Atascosa County EMS, 2005 U.S. Dist. LEXIS 230 (W.D. Tex. Jan. 7, 2005); Lusardi v. Xerox, Corp., 118 F.R.D. 351 (D. N.J. 1987). Under Lusardi, collective action certification is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. Mooney v. Aramco Servs. Co., 54 F. 3d 1207, 1213-1214 (5th Cir. 1995). In the notice stage, a court determines whether the plaintiff has provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice. Valcho v. Dallas Cnty. Hosp. Dist., 574 F.Supp.2d 618, 621 (N.D. Tex. 2008). If so, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. Id. The standard is "fairly lenient" and usually results in conditional certification. Mooney, 54 F.3d at 1213. After discovery and opt-in periods have taken place, the court reexamines the class, typically in response to a motion for decertification. Valcho, 574 F.Supp.2d at 621.

"Because a Motion for conditional certification usually occurs early in the case and, thus, the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." Tice, 826 F.Supp.2d at *995 (citing Mooney, 54 F.3d at 1214). A plaintiff need only show that his position is similar to the potential plaintiffs, not identical. Id; Watson v. Travis Software

Page 5 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

Corp., 2008 U.S. Dist. LEXIS 94824, *5 (S.D. Tex. 2008). The issue is whether potential class members performed the same basic tasks and were subject to the same pay practices. Allen v. McWane, Inc., 2006 U.S. Dist. LEXIS 81543, *3 (E.D. Tex. 2006).

Because discovery usually has not been conducted at the first stage, courts do not review the underlying merits of the action in determining whether to grant conditional certification. Vanzzini v. Action Meat Distributors, Inc., No. H-11-4173, 2012 U.S. Dist. LEXIS 73905, *5 (S.D. Tex. May 29, 2012). "The conditional class certification stage is not an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." Luvianos v. Gratis Cellular, Inc., No. H-12-1067, 2012 U.S. Dist. LEXIS 183027, *20 (S.D. Tex. Dec. 10, 2012).

This case is at the notice stage and is subject to the more lenient standard based solely on pleadings and affidavits. Neagley v. Atascosa County EMS, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The pleadings and attached exhibits show there are many other individuals similarly situated to Plaintiffs. Every salaried putative plaintiff was subject to Defendants' universal policies of misclassification under the FLSA, and working them far more than forty hours per week without overtime compensation.

## II.   ARGUMENT

**2.1   Plaintiffs and Other Engineers Employed by Defendant are Similarly Situated under the FLSA.**

Although the Fifth Circuit has not ruled on the appropriate test to use at the notice stage, district courts within the Fifth Circuit agree that two elements are relevant to the determination of whether individuals are similarly situated for purposes of conditional certification, namely:

(1) whether there is a reasonable basis for crediting the assertion that

Page 6 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

aggrieved individuals exist; and (2) whether those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.

Luvianos, 2012 U.S. Dist. Lexis 183027, *14 and Guillory v. PF&B Management, LP, No. H-11-4377, 2012 U.S. Dist. LEXIS 151505, *11 (S.D. Tex. Sept. 14, 2012). Some courts consider a third element—whether plaintiffs have shown that similarly situated individuals "want" to opt in to the lawsuit. Id. But, the recent trend among district courts in Texas is to reject the third, non-statutory element. In Luvianos, the court rejected the third element because 1) the element is not a statutory requirement at the notice stage; 2) the court was unable to locate any higher court opinion which required, or even discussed, the third element; 3) unlike under F.R.C.P. 23, there is no numerosity requirement under the FLSA collective action procedures; and 4) the element "is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." 2012 U.S. Dist. Lexis 183027, *15-16; see also Guillory, 2012 U.S. Dist. LEXIS 151505, *11-14; Jesiek v. Fire Pros, Inc., 275 F.R.D. 242 (W.D. Mich. 2011); Villarreal v. St. Luke's Episcopal Hospital, 751 F.Supp.2d 902, 915 (S.D. Tex. 2010).

This Court should decline to consider the third, non-statutory element, although Plaintiffs have exceeded any evidentiary requirements it would impose. The elements articulated in Luvianos support a finding that all oilfield employees of Defendant are similarly situated.

Page 7 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

A.  <u>There is a Reasonable Basis to Believe Other Aggrieved Individuals Exist</u>.

Defendants are an oilfield services provider, which provides wireline, pressure control, logging, and perforating services.[1] Defendant has locations in Conway, Arkansas; Canonsburg, Pennsylvania; Pleasanton, Midland and Edinburg, Texas.[2]

Defendants have a company-wide policy of classifying their Engineers as exempt and paying them a salary for all hours worked plus non-discretionary bonuses. Declaration of Weldon Kioski (hereinafter "Decl. Kioski") ¶ 8, 9. ECF No. 19-7; Declaration of Sir Brady Wolfe (hereinafter "Decl. Wolfe") ¶ 8, 9. ECF No. 19-8. Defendants uniformly required Engineers to work hours in excess of forty (40) per week. Decl. Kioski ¶ 7. ECF No. 19-7; Decl. Wolfe ¶ 7. ECF No. 19-8. Plaintiffs worked at multiple locations, but their job duties and working hours remained the same at all locations, and no new training or orientation was required when transferring between locations. Decl. Kioski ¶ 10, 11. ECF No. 19-7; Decl. Wolfe ¶ 10, 11. ECF No. 19-8.

Finally, through conversations with other employees, it is apparent to Plaintiffs that other Engineers would be interested in joining this lawsuit. Decl. Kioski ¶ 15. ECF No. 19-7; Decl. Wolfe ¶ 16. 6ECF No. 19-8. Therefore, the first <u>Lusardi</u> element weighs in favor of granting Plaintiffs' Motion for Conditional Certification.

B.  <u>The Proposed Class is Similarly Situated as to Pay and Job Duties</u>.

Within their class, Plaintiffs and putative class members share the same titles, performed the same job duties, and were subject to the same expectations. Defendant refers to class members using common titles, specifically "Engineers," suggesting that

---

[1] http://www.rushwellsite.com/services (last visited December 11, 2015).
[2] http://www.rushwellsite.com/contact (last visited December 11, 2015).

**Page 8 of 20**
**Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP**
**Motion for Conditional Certification, etc.**

these individuals performed similar job duties. Plaintiffs have confirmed this similarity. The primary job duties of Engineers were to maintain and operate the equipment used at well sites.  Decl. Kioski ¶ 4. ECF No. 19-7; Decl. Wolfe ¶ 4. ECF No. 19-8.

Plaintiffs' experiences across Defendants' locations further confirm the similarly-situated status of the class members. The job duties performed by Plaintiffs were the same in all of the locations where they worked.  Decl. Kioski ¶ 10, 11. ECF No. 19-7; Decl. Wolfe ¶ 10, 11. ECF No. 19-8. In fact, Plaintiffs were sent to work in multiple locations without any training or orientation as to how to perform their jobs in the new location. Decl. Kioski ¶ 9. ECF No. 19-7; Decl. Wolfe ¶ 9. ECF No. 19-8. No such training or orientation was necessary, because the jobs are the same regardless of where they are performed.

Other courts have relied on the fact that employees worked in multiple locations in granting conditional certification. In Smith v. Frac Tech Services, LTD., the Eastern District of Arkansas certified a nationwide class of individuals employed as "field engineers," stating that "[t]he fact that Frac Tech could and did consistently send Field Engineers to work in districts other than their home district is further evidence that the duties of Field Engineers were substantially similar throughout the country." 2010 U.S. Dist. LEXIS 18657, at *12. Similarly, in Deane v. Fastenal Co., the Northern District of California certified a nationwide class of "General Managers" based on the declarations of just two former employees.  No. 11-42, 2011 U.S. Dist. LEXIS 131178 (N.D. Cal. Nov. 14, 2011). The Deane court stated that it found "particularly persuasive the fact that plaintiffs worked at multiple stores in multiple states, and thus have personal knowledge of the similarities between the stores." Id. at *11.

Page 9 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

Plaintiffs and the putative class members are also all similarly situated with respect to pay, earning less than full overtime premiums for all hours over 40 in a workweek. Decl. Kioski ¶ 8. ECF No. 19-7; Decl. Wolfe ¶ 8. ECF No. 19-8. All hiring decisions and pay policies were handled through Defendant's corporate headquarters. Decl. Kioski ¶ 17, 18. ECF No. 19-7; Decl. Wolfe ¶ 17, 18. ECF No. 19-8. Also, the job duties of Plaintiffs and the proposed class inevitably required more than forty hours per week. Decl. Kioski ¶ 7. ECF No. 19-7; Decl. Wolfe ¶ 7. ECF No. 19-8.

Although Plaintiffs need only show that their positions were similar, not identical, to those of the putative collective action members, the evidence demonstrates that Plaintiffs and putative class members are practically identically situated. See Luvianos, 2012 U.S. Dist. LEXIS 183027, *24. Therefore, the second element of the Lusardi test weighs strongly in favor of conditional certification. In fact, conditional certification on highly similar facts was previously granted in the Eastern District of Texas. Joseph Gauthier, et al., v. TriCan Well Services Ltd., 6:13-cv-46-LED (E.D. Tex. Oct. 7, 2013). In Gauthier, the Hon. Leonard Davis presiding, granted conditional certification of a nationwide class of "Field Engineer" employees who claimed they were misclassified by their employer, Trican Well Service, L.P., a pressure pumping company. Id. The case was certified even though only one plaintiff appeared at the beginning of the case, and only offered the sworn testimony of that one plaintiff at the time that the motion for conditional certification was filed. Id.

**2.2   The Court Should Approve and Allow the Distribution of Plaintiffs' Collective Action Notice and Consent to Join.**

The Court should authorize collective notice at this stage of litigation as it would advance the remedial goals of the FLSA and promote judicial efficiency. Courts favor

Page 10 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

collective actions where a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, as a collective action proceeding "reduce[s] litigation costs for the individual plaintiffs and create[s] judicial efficiency." Ryan v. Staff Care, Inc., 497 F.Supp.2d 820, 823 (N.D. Tex. 2007) (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "The collective action tool allows plaintiffs 'the advantage of lower individual costs to vindicate rights by the pooling of resources.'"  McCarragher v. The Ryland Group, Inc., No. 3-11-55, 2012 U.S. Dist. LEXIS 146464, *7 (S.D. Tex. Oct. 11, 2012) (quoting Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).  Because collective actions are "opt-in," these benefits are only available if "employees receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id.

Plaintiff has carried the notice stage's lenient burden of demonstrating the existence of a similarly situated class of individuals who were denied their rights under the FLSA. In Hoffman-La Roche, the Supreme Court held that such notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. 493 U.S. at 171. Allowing plaintiffs to proceed collectively benefits individuals by pooling resources and the judicial system by allowing efficient resolution of common issues of law and fact.  Id. at 170.

Sending court-approved notice early in a case promotes the "broad remedial purpose" of the FLSA and efficient management by insuring that similar cases are combined in one proceeding. Dybach v. Florida Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991); White v. Osmose, 204 F.Supp.2d 1309, 1312 (M.D. Ala. 2002);

Page 11 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

Hoffman v. Sbarro Corp., 982 F.Supp. 249, 262 (S.D.N.Y. 1997) ("Courts have endorsed the sending of notice early in the proceedings, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."). The purpose of judicial notice in collective action cases is to protect the claims of potential plaintiffs, who must opt-in to stop the statute of limitations. Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." Fisher v. Michigan Bell Telephone Company, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. See e.g., id; Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

    The *Notice* (ECF No. 19-1) and *Consents to Join* (ECF Nos. 19-2, 4) proposed by Plaintiffs provide a fair and accurate description of the class and would further the remedial goals of the FLSA and promote judicial efficiency. Plaintiffs request that the Court grant a period of ninety (90) days during which to distribute *Notice* and file opt-in Plaintiffs' consent forms with the Court. Many of the potential class members may have current addresses and phone numbers that may differ from Defendants' records, and as oil field workers, the putative class members are often away from home for long stretches of time.

    In order to offer potential plaintiffs a meaningful opportunity to join this suit, Plaintiffs' counsel will need at least ninety (90) days to locate and effectively send notice to class members. Plaintiffs also asks the Court to order Defendants to post the notice at the district offices in the same areas in which it is required to post government-required notices to ensure current employees receive notice of the lawsuit, even if they

Page 12 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

have not kept their addresses up-to-date.

Plaintiffs further request that they be permitted to provide putative class members with notice via email to any email accounts maintained by putative class members. Email is a commonly-utilized, appropriate and efficient manner of communicating with Plaintiffs and putative class members. In order to facilitate the most efficient and inclusive notice of FLSA collective actions, district courts have ordered that notices be distributed by mail, email, and news media, and that notices be posted conspicuously in class members' workplaces. In <u>Lopez v. Ozark Mountain Poultry, Inc.</u>, for example, the court held that "utilizing Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself," and therefore an appropriate use of an FLSA defendant's email system. W.D. Ark. Case No. 5:13-cv-5272-TLB, Doc. 34, 9 n.4 (6/17/2014).

In one recent case in which the defendant had no business email system, the court ordered the disclosure of any personal email addresses of potential class members of which the defendant was aware, and further permitted notice through an advertisement on Facebook. <u>Bonton</u>, W.D. Ark. Case No. 6:14-cv-6074-RTD, Doc. 12, 6-7. In <u>Bridgewater v. GES Gladiator Entergy Services</u>, W.D. Tex. Case No. 5:15-cv-975-RP (12/22/2015), the Western District of Texas recently ordered collective action notice via email without specifying whether the notice should be distributed to business or personal email addresses. *Id*. at 6. The <u>Lopez</u>, <u>Bonton</u>, and <u>Bridgewater</u> courts also permitted the plaintiffs to send a follow-up postcard to potential opt-in plaintiffs who did not respond within thirty (30) days of the distribution of the court-approved notice.

Page 13 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

Lopez, W.D. Ark. Case No. 5:13-cv-5272-TLB, Doc. 34, 9-9; Bonton, W.D. Ark. Case No. 6:14-cv-6074-RTD, Doc. 12, 8; Bridgewater, W.D. Tex. Case No. 5:15-cv-975-RP, Doc. 9, 6.

Further, the type of work performed by Plaintiffs and putative class members requires these individuals to be in the field (i.e., away from home) at the customer location for extended periods of time. Under these circumstances, sending notice via regular mail alone is an inefficient, if not unreliable, means of communication. The class of opt-ins would benefit by the ease and efficiency of a paperless notice and consent process.  PDF files that can be signed electronically on traditional computers and on mobile devices can be sent by Plaintiffs' counsel via email.  It is a practical benefit to many putative class members who work in the oil and gas field to be able to sign documents electronically and to transmit them via email from their cellphones. See Declaration of Attorney Josh Sanford. ECF No. 19-6. It is not a hardship on Defendant for potential opt-ins to receive the Notice and Consent forms, and to return Consent forms to Plaintiffs' counsel, in this manner.

Defendant cannot argue that the distribution of notice via email in any way makes the information provided therein less accurate or that the distribution of notice via email will somehow reduce the number of individuals who actually receive notice. The only result of providing notice via email is to enable more class members to receive actual notice. Recognizing this fact, courts frequently permit the emailing of notice to putative class members, even when the notice has also been approved for mailing. See Margulies v. Tri-County Metro. Transp. Dist. of Or., 2013 U.S. Dist. LEXIS 146484, *59–61 (D. Or. Oct. 10, 2013) (citing Alequin v. Darden Rests., Inc., No. 12-61742-CIV, 2013

Page 14 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013); Ritz v. Mike Rory Corp., 12 CV 367 (JBW)(RML), 2013 U.S Dist. LEXIS 61634, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013); Rehberg v. Flowers Foods, Inc., No. 3;12cv596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013); Jones v. JGC Dallas LLC, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases approving email notice in FLSA cases).

The Margulies court specifically recognized that, in contrast to the time when Hoffman-LaRoche was decided (1989), people now commonly correspond by email. Id. In Atkinson v. TeleTechHoldings, Inc., the court noted that while the issue of sending email notice divided courts, the current trend was to permit the sending of notice by both U.S. mail and email. 2015 U.S Dist. LEXIS 23630, *12 (S.D. Oh. Feb. 26, 2015). The court went on to find that service by both methods worked to advance the remedial goals of the FLSA because it increased the likelihood that all potential opt-in plaintiffs would receive notice. Id.

In addition to the reasons for emailing notice cited by courts such as Margulies and Atkinson, such as advancements in technology, there are other reasons to permit the emailing of notice. First, email is more reliable than regular mail—it does not get lost and it does not get delayed, and if there is a problem with delivery the sender is notified almost immediately rather than days, weeks, or months later. Further, email addresses are "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and often does maintain his or her same email address. Also, email can be checked from any location, not just from home, which

Page 15 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

increases the likelihood that it will be received by the putative class member.

The emailing of notice is a simple, cost-effective mechanism of providing notice that furthers the remedial goals of the FLSA. Therefore, this Court should approve Plaintiffs' request to provide notice via email.[3]

Plaintiffs also request that this Court grant them permission to include a copy of Plaintiffs' Original Complaint – Collective Action, along with the *Notice*, and Defendant should be given the courtesy of having included its Answer to the same, if it so requests, when the paper mailing is sent. The purpose of including such pleadings is to provide putative class members with more specific information regarding the case without cluttering up the *Notice* with the parties' relative positions, meaning those putative class members who are not interested in the current lawsuit are not forced to read through excessive amounts of information while perusing the *Notice*, but those putative class members who are interested have basic additional information at their fingertips. Putative class members will more readily be able to make an informed decision about whether to join the lawsuit. Moreover, since Plaintiffs bear the initial cost of providing notice in FLSA cases, there will be no additional financial burden on Defendant or the judicial system in including these two pleadings along with the *Notice*.

Finally, Plaintiffs request that the Court to allow Plaintiffs' counsel to send a follow-up *Postcard* via regular U.S. Mail and a follow-up email to any class members who have not responded thirty (30) days after the mailing of the initial *Notice*. *Postcard*.

---

[3] This Court has authorized notice via email in the following cases: Roche, et al. v. S-3 Pump Service, Inc., No. 5:15-cv-268-XR, ECF No. 75 (W.D. Tex. 7/9/2015); Moore, et al. v. Performance Pressure Pumping Services, LLC, No. 5:15-cv-432-RP, ECF No. 21 (W.D. Tex. 8/24/2015); Bridgewater, et al. v. GES Gladiator Energy Services Texas, LLC, No 5:15-cv-975-RP, ECF No. 9 (W.D. Tex. 12/22/2015); Tingey, et al. v. Bass Fishing & Rentals, LLC, No. 5:15-cv-705-FB, ECF No. 25 (W.D. Tex. 1/6/2016); George, et al. v. Go Frac, LLC, No. 5:15-cv-943-XR, ECF No. 24 (W.D. Tex. 1/13/2016).

Page 16 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

ECF No. 19-5.  Due to Plaintiffs' counsel's experience and knowledge of mail delivery problems from other collective action FLSA cases, this *Postcard* would provide a fair and equitable solution to ensure that all members of the proposed class who want to join the lawsuit are able to, and this would not cause unfair prejudice to Defendant.  See Declaration of Attorney Josh Sanford. ECF No. 19-4. A reminder postcard has been authorized by this Court in the following cases: Roche, et al. v. S-3 Pump Service, Inc., No. 5:15-cv-268-XR, ECF No. 75 (W.D. Tex. 7/9/2015); Moore, et al. v. Performance Pressure Pumping Services, LLC, No. 5:15-cv-432-RP, ECF No. 21 (W.D. Tex. 8/24/2015); Bridgewater, et al. v. GES Gladiator Energy Services Texas, LLC, No 5:15-cv-975-RP, ECF No. 9 (W.D. Tex. 12/22/2015); Tingey, et al. v. Bass Fishing & Rentals, LLC, No. 5:15-cv-705-FB, ECF No. 25 (W.D. Tex. 1/6/2016); George, et al. v. Go Frac, LLC, No. 5:15-cv-943-XR, ECF No. 24 (W.D. Tex. 1/13/2016). Further, a reminder postcard has been authorized by other Courts, including Cummings v. Bost, Inc., U.S.D.C. Case No. 2:14-cv-2090-PKH, *8– 9 (W.D. Ark. April 13, 2015). Lopez, et al v. Ozark Mountain Poultry, Inc., et al, U.S.D.C. Case No. 5:13-cv-5272-TLB (W.D. Ark. June 17, 2014).

**2.3**  **The Court Should Order Defendants to Provide the Names and Last Known Home, Work, and Email Addresses of Potential Opt-in Plaintiffs in an Appropriate Importable Electronic Format.**

To facilitate the sending of the *Notice* and *Consent* forms, Plaintiffs ask this Court for an Order directing Defendants to disclose, in a useful format such as an Excel spreadsheet, all contact information for those who meet the definition of the proposed collective class. If not via an Excel spreadsheet, the information should be in some other importable and malleable electronic format. This includes but is not limited to: (1)

Page 17 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

the names of each and every potential plaintiff employed by Defendants any time after December 9, 2012, including any known aliases they may have gone by or go by now; (2) the last known home and work addresses of the employee for the same time period; and (3) all email addresses. Because potential plaintiffs may have current addresses and phone numbers that differ from Defendants' records, direct mailing, emailing, and workplace posting are necessary and cost-effective to provide notice to potential opt-ins.

In Hoffman-La Roche, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. Trial courts routinely order disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. Id. As such, Plaintiffs ask that the Court order Defendants to produce the full names, dates of employment, and the last known work and home physical and email addresses of all those who meet the proposed class definition, no later than two (2) weeks after the date of the entry of the Order Granting Conditional Certification.

Plaintiffs also ask the Court to order Defendants to provide dates of birth and partial social security numbers for any class members whose U.S.P.S.-mailed Notice is returned as undeliverable to assist in locating the correct address for those members so that they receive notice. Davis v. Abercrombie & Fitch Co., 08 Civ. 1859 (PKC), 2008 WL 4702840, 12 (S.D.N.Y. Oct. 23, 2008); Lynch v. United Services Auto. Ass'n, 491 F.Supp.2d 357, 371-72 (S.D.N.Y. 2007); Perrin v. Papa John's International, Inc., U.S.D.C. Case No. 4:09-cv-1335-AGF (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case… At this stage of the litigation, justice is most readily served by notice reaching the largest

Page 18 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.

number of potential plaintiffs." (internal citations and quotation marks omitted)).

### III.    CONCLUSION

Plaintiffs' burden at this stage is lenient and easily met.  <u>Neagley v. Atascosa County EMS</u>, SA-04-CA-893-XR (W.D. Tex. Jan. 7, 2005). The attached exhibits provide ample factual basis to support conditional certification. Plaintiffs and putative class members were uniformly subject to the same policies of Defendants which led to the violations of the FLSA alleged herein. For these reasons, Plaintiffs respectfully request that this Court: (1) certify the class as described above; (2) order Defendants to produce the contact information of those putative class members, no later than two weeks after the date of the entry of the Order; (3) approve the *Notice* and *Consent to Join* attached hereto; (4) approve the sending of the *Notice* and *Consent*, and Plaintiffs' Complaint and Defendants' Answer, if any, as set forth herein; (5) approve the sending of the *Postcard* as set forth herein; and (6) grant counsel a period of ninety (90) days from the date Defendants fully and completely release the potential class members' contact information during which to distribute the *Notice* and to file *Consent* forms.

**Page 19 of 20**
**Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP**
**Motion for Conditional Certification, etc.**

Respectfully submitted,

**LEE WHITWORTH and WELDON KIOSKI, Individually and on behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, on April 15, 2016, using the electronic case filing system of the Court. The attorney listed below is registered to receive an electronic copy hereof.

Stacy H. Bruce, Esq.
COBB MARTINEZ WOODWARD, PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Tel. 214-220-5210
Fax 214-220-5260
sbruce@cobbmartinez.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 20 of 20
Lee Whitworth, et al. v. Rush Wellsite Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-1094-RP
Motion for Conditional Certification, etc.